**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| DION CRITTLE, SR. and TANESHA HUFF, ) <br> as Personal Representatives of the Estate of ) <br> Dion Crittle, Jr., deceased, ) <br>   ) <br>       Plaintiff, ) <br>   )  No. <br>   v. ) <br>   )  **PLAINTIFFS DEMAND A** <br> The CITY OF DALEVILLE, a municipal )  **TRIAL BY JURY** <br> corporation; JOHN DOE OFFICERS #1-5 in their ) <br> individual and official capacities; and ) <br> JOHN DOE FIRE EMPLOYEES #1-5 ) <br>  in their individual and official capacities; ) <br>   ) <br>       Defendants. ) | |

**COMPLAINT AT LAW**

NOW COME the Plaintiffs, DION CRITTLE, SR. and TANESHA HUFF, as Personal Representatives of the Dion Crittle, Jr., deceased, by and through their attorneys, ROMANUCCI & BLANDIN LLC, for Plaintiffs' Complaint at Law against The CITY OF DALEVILLE, a municipal corporation; JOHN DOE OFFICERS #1-5, in their official and individual capacities; and JOHN DOE FIRE EMPLOYEES #1-5; pleading hypothetically and in the alternative, states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Southern District of Indiana.

3. Further, this Court has jurisdiction pursuant to 28 U.S.C. §1332, as the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different States.

## THE PARTIES

4. Defendant, The CITY OF DALEVILLE, is a municipal corporation organized under the laws of the State of Indiana.

5. On and before December 9, 2019, and at all relevant times, the Defendant, CITY OF DALEVILLE, a municipal corporation, maintained, as a division of said municipal corporation, a certain police department, commonly referred to as the Daleville Police Department, in Daleville, Indiana (hereinafter, collectively referred to as the "Daleville Police Department").

6. On and before December 9, 2019, and at all relevant times, the Defendant, CITY OF DALEVILLE, a municipal corporation, maintained, as a division of said municipal corporation, a certain fire department, commonly referred to as the Daleville Police Department, in Daleville, Indiana (hereinafter, collectively referred to as the "Daleville Salem Township Fire Territory").

7. On and before December 9, 2019, and at all relevant times, Defendant JOHN DOE OFFICERS #1-5 were police officers employed by the Daleville Police Department, and were residents of the State of Indiana.

8. On and before December 9, 2019, and at all relevant times, Defendant JOHN DOE FIRE EMPLOYEES #1-5 were firefighters and/or emergency medical technicians employed by the Daleville Salem Township Fire Territory, and were residents of the State of Indiana.

9. On and before December 9, 2019, and at all relevant times, when Defendant JOHN DOE OFFICERS #1-5 were engaging in the complained of conduct, they were acting under color of law and in the course of their employment as Daleville Police Department police officers.

10. On and before December 9, 2019, and at all relevant times, when Defendant JOHN DOE FIRE EMPLOYEES #1-5 were engaging in the complained of conduct, they were acting in the course of their employment as Daleville Salem Township Fire Territory firefighters and/or EMTS.

11. Plaintiff DION CRITTLE, SR. is a citizen of the United States, and at all relevant times was a resident of the City of Lansing, Michigan. He is the natural father of Plaintiffs' decedent, Dion Crittle, Jr.

12. Plaintiff TANESHA HUFF is a citizen of the United States, and at all relevant times was a resident of the City of St. Louis, Missouri. She is the natural mother of Plaintiffs' decedent, Dion Crittle, Jr.

13. Plaintiffs' Decedent Dion Crittle, Jr. was a citizen of the United States prior to his death, and at all relevant times was a resident of the City of St. Louis, Missouri.

14. Plaintiffs' Decedent was survived by heirs including Plaintiffs.

## GENERAL ALLEGATIONS

15. The instant case arose from events which took place on southbound I-69 at or near its on-ramp 234D, in or near Daleville, County of Delaware, State of Indiana.

16. On December 9, 2019, at approximately 3:30 p.m., near the aforementioned location Plaintiffs' decedent Dion Crittle, Jr. was operating his motor vehicle on the on-ramp to enter southbound on I-69.

17. On December 9, 2019, at approximately 3:30 p.m., near the aforementioned location, Plaintiffs' decedent Dion Crittle, Jr. lost control of his motor vehicle, which left the highway.

18. On December 9, 2019, at approximately 3:30 p.m., near the aforementioned location, Plaintiffs' decedent Dion Crittle, Jr.'s vehicle struck a tree.

19. On December 9, 2019, at approximately 4:00 p.m., JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 responded to the scene of the collision and observed Plaintiffs' decedent Dion Crittle, Jr.

20. On December 9, 2019, at approximately 4:00 p.m., JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 were aware from their observations of Dion Crittle, Jr. that he required medical attention and/or was in medical crisis.

21. On December 9, 2019, at approximately 4:00 p.m., JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 did not suspect Dion Crittle, Jr. of having committed any criminal offense.

22. On December 9, 2019, at approximately 4:00 p.m., Dion Crittle, Jr. was unarmed, and JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 did not suspect Dion Crittle, Jr. of being in possession of any weapon.

23. On December 9, 2019, at approximately 4:00 p.m., Dion Crittle, Jr. did not pose a threat to any individual present at the scene, including Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5.

24. At no time did Dion Crittle, Jr. threaten to use physical force upon the Defendant JOHN DOE OFFICERS #1-5, and JOHN DOE FIRE EMPLOYEES #1-5 or others.

25. At no time did Dion Crittle, Jr. #1-5 or his passenger use physical force upon Defendants JOHN DOE OFFICERS #1-5, and JOHN DOE FIRE EMPLOYEES #1-5, or others.

26. On December 9, 2019, at approximately 4:00 p.m., JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 restrained Dion Crittle, Jr. in handcuffs on the ground.

27. On December 9, 2019, at approximately 4:00 p.m., JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 observed Dion Crittle, Jr. become medically nonresponsive.

28. On December 9, 2019, at approximately 4:00 p.m., JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 were aware Dion Crittle, Jr. was suffering a serious medical condition and required medical attention.

29. Despite this awareness, JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 continued to restrain Dion Crittle, Jr., rather than providing him with prompt medical attention.

30. Despite this awareness, JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 continued to restrain Dion Crittle, Jr., rather than contacting medical treaters to provide needed medical attention.

31. Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 did not have probable cause to believe Plaintiff's decedent Dion Crittle, Jr. posed a significant threat of death or serious physical injuries to Defendants or others.

32. As a result of Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5's actions, Dion Crittle, Jr. experienced conscious pain and suffering, and ultimately died.

**COUNT 1 – 42 U.S.C. §1983—Excessive Force**

(*Plaintiffs v. John Doe Officers #1-5 and John Doe Fire Employees #1-5*)

33. Plaintiffs incorporate by reference all preceding paragraphs.

34. At all times relevant, Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 were authorized officers, agents, and/or employees of the Daleville Police Department and the Daleville Salem Township Fire Territory, and were acting in the course of their employment and under color of state law.

35. At all times relevant, it was the duty of Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 individually and as officers, agents and/or employees of the Daleville Police Department and the Daleville Salem Township Fire Territory, to refrain from using unreasonable excessive force against others, including Dion Crittle, Jr.

36. On December 9, 2019, in breach of said duty, Defendant JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 used unreasonable and excessive force in violation of the United States Constitution by engaging in the following acts or omissions:

> a) Defendants used a level of force that Defendants knew, or should have known, was excessive when they short Dion Crittle, Jr. without proper justification;
>
> b) Defendants used an unreasonable amount of force in relationship to the threat or force posed by Dion Crittle, Jr., who was not resisting any lawful arrest or threatening the life or safety of any police officers;
>
> c) Defendant failed to use less dangerous means of restraint; and/or
>
> d) Defendant failed to follow proper police procedures and adhere to a use of force continuum consistent with that used by law enforcement agencies in Indiana.

37. At all times relevant, the aforementioned conduct of Defendants, JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 constituted unreasonable excessive force in violation of the United States Constitution.

38. The actions of Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 were objectively unreasonable and were undertaken intentionally with willful indifference to Dion Crittle, Jr.'s constitutional rights.

39. The actions of Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the time that Defendants used such force.

40. The actions of Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 were undertaken with malice, willfulness, and reckless indifference to the rights of Dion Crittle, Jr.

41. As a proximate cause of Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5's unreasonable and excessive use of force, Dion Crittle, Jr. experienced injuries, including physical and psychological pain and suffering, and death.

42. As a proximate cause of Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5's unreasonable and excessive use of force, Dion Crittle, Jr.'s heirs and estate suffered losses, including loss of benefits and future earnings, and incurred medical and funeral bills.

43. As a proximate cause of Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5's unreasonable and excessive use of force, Dion Crittle, Jr.'s heirs suffered emotional distress and mental anguish, and experienced the loss of Dion Crittle, Jr.'s companionship, love, care, and protection.

WHEREFORE, Plaintiffs, DION CRITTLE SR. and TANESHA HUFF, individually and as the personal representatives of the estate and heirs of Dion Crittle, Jr., respectfully requests that this Court enter judgment against Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE

EMPLOYEES #1-5, awarding compensatory damages, attorneys' fees, punitive damages, and for any further relief this Court deems just.

### COUNT 2 – 42 U.S.C. §1983 – Failure to Intervene
(*Plaintiffs v. John Doe Officers #1-5 and John Doe Fire Employees #1-5*)

44. Plaintiffs incorporates by reference all preceding paragraphs.

45. At all times relevant, Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 were authorized officers, agents, and/or employees of the Daleville Police Department and the Daleville Salem Township Fire Territory, and were acting in the course of their employment and under color of state law

46. At all material times, Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 did not have a reasonable fear of imminent bodily harm, nor did Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 have a reasonable belief that any other person was in danger of imminent bodily danger from Dion Crittle, Jr.

47. At all material times, Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 observed the force applied by all other involved individuals.

48. At all material times, Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 knew or had reason to know that the use of force was disproportionate and excessive.

49. At all material times, Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 observed or had reason to know that a violation of Dion Crittle, Jr.'s constitutional right to be free from excessive force was occurring.

50. At all material times, Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 had the opportunity and means to prevent this harm from occurring.

51. Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 failed to intervene. to prevent the violation of Dion Crittle, Jr.'s constitutional rights.

52. The aforementioned conduct of Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 in failing to intervene against the violation of Dion Crittle, Jr.'s constitutional rights was objectively unreasonable.

53. The aforementioned conduct of Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 was done intentionally and with a reckless disregard for Plaintiff's rights.

54. As a proximate cause of Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5's unreasonable failure to intervene in the use of excessive force, Dion Crittle, Jr. experienced injuries, including physical and psychological pain and suffering, and death.

55. As a proximate cause of Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5's unreasonable failure to intervene in the use of excessive force, Dion Crittle, Jr.'s heirs and estate suffered losses, including loss of benefits and future earnings, and incurred medical and funeral bills.

56. As a proximate cause of Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5's unreasonable failure to intervene in the use of excessive force, Dion Crittle, Jr.'s heirs suffered emotional distress and mental anguish, and experienced the loss of Dion Crittle, Jr.'s companionship, love, care, and protection.

WHEREFORE, Plaintiffs, DION CRITTLE, SR. and TANESHA HUFF, individually and

as the personal representative of the estate and heirs of Dion Crittle, Jr., respectfully requests that this Court enter judgment against Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5, awarding compensatory damages, attorneys' fees, punitive damages, and for any further relief this Court deems just.

### COUNT 3 – 42 U.S.C. §1983 – Failure to Provide Adequate Medical Care
(*Plaintiffs v. John Doe Officers #1-5 and John Doe Fire Employees #1-5*)

57. Plaintiffs incorporate by reference all preceding paragraphs.

58. At all times relevant, Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 were authorized officers, agents, and/or employees of the Daleville Police Department and the Daleville Salem Township Fire Territory, and were acting in the course of their employment and under color of state law.

59. At all times relevant, Plaintiff Dion Crittle, Jr. was in the custody, control, and care of JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5.

60. At all times relevant, Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 were aware that Dion Crittle, Jr. was experiencing a serious medical condition.

61. At all times relevant, Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 knowingly failed to respond to Dion Crittle, Jr.'s serious medical needs by failing to provide appropriate medical attention and/or by failing to promptly summon appropriate medical attention.

62. At all times relevant, Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 acted with deliberate indifference to the rights secured to Dion Crittle, Jr. by the Eighth Amendment of the U.S. Constitution.

63. At all material times, Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 had the opportunity and means to prevent this harm from occurring.

64. As a proximate cause of Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5's unreasonable failure to provide appropriate medical care, Dion Crittle, Jr. experienced injuries, including physical and psychological pain and suffering, and death.

65. As a proximate cause of Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5's unreasonable failure to provide appropriate medical care, Dion Crittle, Jr.'s heirs and estate suffered losses, including loss of benefits and future earnings, and incurred medical and funeral bills.

66. As a proximate cause of Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5's unreasonable failure provide appropriate medical care, Dion Crittle, Jr.'s heirs suffered emotional distress and mental anguish, and experienced the loss of Dion Crittle, Jr.'s companionship, love, care, and protection.

WHEREFORE, Plaintiffs, DION CRITTLE, SR. and TANESHA HUFF, individually and as the personal representative of the estate and heirs of Dion Crittle, Jr., respectfully requests that this Court enter judgment against Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5, awarding compensatory damages, attorneys' fees, punitive damages, and for any further relief this Court deems just.

### COUNT 4 – Wrongful Death
*(Plaintiffs v. The City of Daleville, John Doe Officers #1-5 and John Doe Fire Employees #1-5)*

67. Plaintiffs incorporate by reference all preceding paragraphs.

68. At all relevant times, Defendant JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 were acting as duly authorized agents and employees of the CITY OF

DALEVILLE.

69. As a direct and proximate result of the negligent and wrongful actions of Defendants JOHN DOE #1-5 and JOHN DOE FIRE EMPLOYEES #1-5, Dion Crittle, Jr. suffered injuries and died.

70. As a proximate cause of Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5's unreasonable and excessive use of force, Dion Crittle, Jr.'s heirs suffered emotional distress and mental anguish, lost and experienced the loss of Dion Crittle, Jr.'s companionship, financial support, consortium, guidance, love, care, and protection.

WHEREFORE, Plaintiffs DION CRITTLE, SR. and TANESHA HUFF, individually and as the personal representative of the estate and heirs of Dion Crittle, Jr., respectfully requests that this Court enter judgment against Defendants JOHN DOE OFFICERS #1-5; JOHN DOE FIRE EMPLOYEES #1-5 and CITY OF DALEVILLE, awarding compensatory damages, attorneys' fees, punitive damages, and for any further relief this Court deems just.

### COUNT 4 – Survival
(*Plaintiffs v. The City of Daleville, John Doe Officers #1-5, and John Doe Fire Employees #1-5)*

71. Plaintiffs incorporate by reference all preceding paragraphs.

72. At all relevant times, Defendant JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5 were acting as duly authorized agents and employees of the CITY OF DALEVILLE.

73. As a direct and proximate result of the negligent and wrongful actions of Defendants JOHN DOE #1-5 and JOHN DOE FIRE EMPLOYEES #1-5, Dion Crittle, Jr. suffered injury and died.

74. As a proximate cause of Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE

FIRE EMPLOYEES #1-5's unreasonable and excessive use of force, Dion Crittle, Jr. experienced injuries, including physical and psychological pain and suffering, and ultimately death.

75. As a proximate cause of Defendants JOHN DOE OFFICERS #1-5 and JOHN DOE FIRE EMPLOYEES #1-5's unreasonable and excessive use of force and failure to provide medical care, Dion Crittle, Jr.'s estate experienced lost future income and benefits and incurred medical and funeral expenses.

WHEREFORE, Plaintiffs DION CRITTLE, SR. and TANESHA HUFF, individually and as the personal representative of the estate and heirs of Dion Crittle, Jr., respectfully requests that this Court enter judgment against Defendants JOHN DOE OFFICERS #1-5, JOHN DOE FIRE EMPLOYEES #1-5 and CITY OF DALEVILLE, awarding compensatory damages, attorneys' fees, punitive damages, and for any further relief this Court deems just.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as of right by jury.

Respectfully Submitted,
ROMANUCCI & BLANDIN, LLC

_____s/_Nicolette A. Ward____
Attorney for Plaintiff

ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
Ph: (312) 458-1000
Fax: (312) 458-1004
nward@rblaw.net