**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| DION CRITTLE, SR. and TANESHA HUFF, ) <br> as Personal Representatives of the Estate of ) <br> Dion Crittle, Jr., deceased, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> The TOWN OF DALEVILLE, a municipal ) <br> corporation; OFC. JOHN JETT, JR. in his ) <br> individual capacity; SALEM TOWNSHIP; ) <br> SALEM TOWNSHIP TRUSTEE; DALEVILLE- ) <br> SALEM TOWNSHIP FIRE PROTECTION ) <br> TERRITORY; CHARLES BRADLEY REAL, in ) <br> his individual capacity; MICHAEL WAITMAN, ) <br> in his individual capacity; AMY POPE, in her ) <br> individual capacity; DELAWARE COUNTY ) <br> SHERIFF'S DEPARTMENT; and DEPUTY ) <br> JOSH MAXWELL, in his individual capacity. ) <br> ) <br> Defendants. ) | No. 1:21-cv-02886-JRS-TAB <br><br> **PLAINTIFFS DEMAND A** <br> **TRIAL BY JURY** |

**SECOND AMENDED COMPLAINT AT LAW**

NOW COME the Plaintiffs, DION CRITTLE, SR. and TANESHA HUFF, as Personal Representatives of the Dion Crittle, Jr., deceased, by and through their attorneys, ROMANUCCI & BLANDIN LLC, for Plaintiffs' Second Amended Complaint at Law against The TOWN OF DALEVILLE, a municipal corporation; the TOWN OF DALEVILLE TOWN COUNCIL; OFC. JOHN JETT, JR. in his individual capacity; SALEM TOWNSHIP; SALEM TOWNSHIP TRUSTEE; DALEVILLE-SALEM TOWNSHIP FIRE PROTECTION TERRITORY; CHARLES BRADLEY REAL, in his individual capacity; MICHAEL WAITMAN, in his individual capacity; AMY POPE, in her individual capacity; DELAWARE COUNTY SHERIFF'S DEPARTMENT; and DEPUTY JOSH MAXWELL, in his capacity.

d

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Southern District of Indiana.

3. Further, this Court has jurisdiction pursuant to 28 U.S.C. §1332, as the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different States.

## THE PARTIES

4. Defendant, The TOWN OF DALEVILLE, is a municipal corporation organized under the laws of the State of Indiana.

5. On and before December 9, 2019, and at all relevant times, the Defendant, TOWN OF DALEVILLE, a municipal corporation, maintained, as a division of said municipal corporation, a certain police department, commonly referred to as the Daleville Police Department.

6. On and before December 9, 2019, and at all relevant times, Defendant OFC. JOHN JETT, JR. was a police officer employed by the TOWN OF DALEVILLE, and was a resident of the State of Indiana.

7. On and before December 9, 2019, and at all relevant times, when Defendant OFC. JOHN JETT, JR. was engaging in the complained-of conduct, he was acting under color of law and in the course of his employment as a Daleville Police Department police officer.

8. Defendant, SALEM TOWNSHIP, is a township organized under the laws of the State of Indiana.

9. On and before December 9, 2019, and at all relevant times, the Defendant, SALEM TOWNSHIP, was operated by a governing entity known as the SALEM TOWNSHIP TRUSTEE

(collectively, the "Salem Township Defendants").

10. The TOWN OF DALEVILLE and Salem Township Defendants, by and through their respective governing bodies, maintained and operated, as a joint division of their respective entities, a certain fire department, commonly referred to as DALEVILLE-SALEM TOWNSHIP FIRE PROTECTION TERRITORY.

11. On and before December 9, 2019, and at all relevant times, Defendant CHARLES BRADLEY REAL was fireman employed by the Town of Daleville and Salem Township Defendants with the DALEVILLE-SALEM TOWNSHIP FIRE PROTECTION TERRITORY.

12. On and before December 9, 2019, and at all relevant times, when Defendant CHARLES BRADLEY REAL was engaging in the complained-of conduct, he was acting under color of law and in the course of his employment with the Daleville-Salem Township Fire Protection Territory.

13. On and before December 9, 2019, and at all relevant times, Defendant MICHAEL WAITMAN was an emergency medical technician employed by the DALEVILLE-SALEM TOWNSHIP FIRE PROTECTION TERRITORY.

14. On and before December 9, 2019, and at all relevant times, when Defendant MICHAEL WAITMAN was engaging in the complained-of conduct, he was acting under color of law and in the course of his employment with the Daleville-Salem Township Fire Protection Territory.

15. On and before December 9, 2019, and at all relevant times, Defendant AMY POPE was an emergency medical technician employed by the DALEVILLE-SALEM TOWNSHIP FIRE PROTECTION TERRITORY.

16. On and before December 9, 2019, and at all relevant times, when Defendant AMY POPE was engaging in the complained-of conduct, she was acting under color of law and in the

course of her employment with the Daleville-Salem Township Fire Protection Territory.

17.     On and before December 9, 2019, and at all relevant times, Delaware County, Indiana maintained a certain law enforcement agency, commonly referred to as the DELAWARE COUNTY SHERIFF'S DEPARTMENT.

18.     On and before December 9, 2019, and at all relevant times, Defendant DEPUTY JOSH MAXWELL was deputy employed by the DELAWARE COUNTY SHERIFF'S DEPARTMENT.

19.     On and before December 9, 2019, and at all relevant times, when Defendant DEPUTY JOSH MAXWELL was engaging in the complained-of conduct, he was acting under color of law and in the course of his employment with the Delaware County Sheriff's Department.

20.     Plaintiff DION CRITTLE, SR. is a citizen of the United States, and at all relevant times was a resident of the town of Lansing, Michigan. He is the natural father of Plaintiffs' decedent, Dion Crittle, Jr.

21.     Plaintiff TANESHA HUFF is a citizen of the United States, and at all relevant times was a resident of the TOWN of St. Louis, Missouri. She is the natural mother of Plaintiffs' decedent, Dion Crittle, Jr.

22.     Plaintiffs' Decedent Dion Crittle, Jr. was a citizen of the United States prior to his death, and at all relevant times was a resident of the TOWN of St. Louis, Missouri.

23.     Plaintiffs' Decedent was survived by heirs including Plaintiffs.

## GENERAL ALLEGATIONS

24.     The instant case arose from events which took place on southbound I-69 at or near its on-ramp 234D, in or near Daleville, County of Delaware, State of Indiana.

25. On December 9, 2019, at approximately 3:30 p.m., near the aforementioned location Plaintiffs' decedent Dion Crittle, Jr. was operating his motor vehicle on the on-ramp to enter southbound on I-69.

26. On December 9, 2019, at approximately 3:30 p.m., near the aforementioned location, Plaintiffs' decedent Dion Crittle, Jr. lost control of his motor vehicle, which left the highway.

27. On December 9, 2019, at approximately 3:30 p.m., near the aforementioned location, Plaintiffs' decedent Dion Crittle, Jr.'s vehicle struck a tree.

28. On December 9, 2019, at approximately 4:00 p.m., Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL responded to the scene of the collision and observed Plaintiffs' decedent Dion Crittle, Jr.

29. On December 9, 2019, at approximately 4:00 p.m., Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL were aware from their observations of Dion Crittle, Jr. that he required medical attention and/or was in medical crisis.

30. On December 9, 2019, at approximately 4:00 p.m., Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL did not suspect Dion Crittle, Jr. of having committed any criminal offense.

31. On December 9, 2019, at approximately 4:00 p.m., Dion Crittle, Jr. was unarmed, and Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL did not suspect Dion Crittle, Jr. of being in possession of any weapon.

32. On December 9, 2019, at approximately 4:00 p.m., Dion Crittle, Jr. did not pose a threat to any individual present at the scene, including Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL.

33. At no time did Dion Crittle, Jr. threaten to use physical force upon the Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL or others.

34. At no time did Dion Crittle, Jr. use physical force upon Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL or others.

35. On December 9, 2019, at approximately 4:00 p.m., Defendants JETT, REAL, and WAITMAN used physical force to handcuff Dion Crittle, Jr. in handcuffs with the purpose of effectuating the arrest of Dion Crittle, Jr.

36. On December 9, 2019, at approximately 4:00 p.m., Defendants JETT, REAL, and WAITMAN restrained Dion Crittle, Jr. in a prone position in handcuffs on the ground.

37. On December 9, 2019, at approximately 4:00 p.m., while Dion Crittle, Jr. remained prone and handcuffed, Defendants JETT, REAL, and WAITMAN placed body weight upon Dion Crittle, Jr.'s person, including on back and legs.

38. On and before December 9, 2019, and at all relevant times, Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL were aware that this type of prone restraint and pressure upon the body significantly increased the likelihood of asphyxiation and death.

39. On December 9, 2019, at approximately 4:00 p.m., during this restraint, Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL observed Dion Crittle, Jr. become medically nonresponsive, including ceasing to move, speak, or breathe.

40. On December 9, 2019, at approximately 4:00 p.m., Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL were aware Dion Crittle, Jr. was suffering a serious medical condition and required medical attention.

41. Despite this awareness, Defendants JETT, REAL, and WAITMAN continued to restrain Dion Crittle, Jr., rather than providing him with prompt medical attention.

42. Despite this awareness, Defendants POPE and MAXWELL did not promptly intervene against Defendants JETT, REAL, and WAITMAN's prone restrain or provide Dion, Crittle, Jr. with prompt medical attention.

43. Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL did not have probable cause to believe Plaintiff's decedent Dion Crittle, Jr. posed a significant threat of death or serious physical injuries to Defendants or others.

### COUNT 1 – 42 U.S.C. §1983—Excessive Force
(*Plaintiffs v. Jett, Real, and Waitman*)

44. Plaintiffs incorporate by reference paragraphs 1-43 as though set forth herein.

45. At all times relevant, Defendants JETT, REAL, and WAITMAN were authorized officers, agents, and/or employees of the Daleville Police Department and the Daleville-Salem Township Fire Protection Territory, and were acting in the course of their employment and under color of state law.

46. At all times relevant, it was the duty of Defendants JETT, REAL, and WAITMAN, individually and as officers, agents and/or employees of the Daleville Police Department and the Daleville-Salem Township Fire Protection Territory, to refrain from using unreasonable excessive force against others, including Dion Crittle, Jr.

47. On December 9, 2019, in breach of said duty, Defendants JETT, REAL, and WAITMAN used unreasonable and excessive force in violation of the Fourth Amendment of the United States Constitution by engaging in the following acts or omissions:

> a) Defendants used a level of force that Defendants knew, or should have known, was excessive when they handcuffed and/or restrained Dion Crittle, Jr. without proper justification;
>
> b) Defendants used an unreasonable amount of force in relationship to the threat or force posed by Dion Crittle, Jr.;
>
> c) Defendant failed to use less dangerous means of restraint; and/or

7

    d) Defendant failed to follow proper police procedures and adhere to a use of force continuum consistent with that used by law enforcement agencies in Indiana.

48. At all times relevant, the aforementioned conduct of Defendants, JETT, REAL, and WAITMAN constituted unreasonable excessive force in violation of the United States Constitution.

49. The actions of Defendants JETT, REAL, and WAITMAN were objectively unreasonable and were undertaken intentionally with willful and/or wanton indifference to Dion Crittle, Jr.'s constitutional rights.

50. The actions of Defendants JETT, REAL, and WAITMAN would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the time that Defendants used such force.

51. The actions of Defendants JETT, REAL, and WAITMAN were undertaken with malice, willfulness, wantonness, and reckless indifference to the rights of Dion Crittle, Jr.

52. As a proximate cause of Defendants JETT, REAL, and WAITMAN's unreasonable and excessive use of force, Dion Crittle, Jr. experienced injuries, including physical and psychological pain and suffering, and death.

53. As a proximate cause of Defendants JETT, REAL, and WAITMAN's unreasonable and excessive use of force, Dion Crittle, Jr.'s heirs and estate suffered losses, including loss of benefits and future earnings, and incurred medical and funeral bills.

54. As a proximate cause of Defendants JETT, REAL, and WAITMAN's unreasonable and excessive use of force, Dion Crittle, Jr.'s heirs suffered emotional distress and mental anguish, and experienced the loss of Dion Crittle, Jr.'s companionship, love, care, and protection.

WHEREFORE, Plaintiffs, DION CRITTLE SR. and TANESHA HUFF, individually and as the personal representatives of the estate and heirs of Dion Crittle, Jr., respectfully request that

this Court enter judgment against Defendants JETT, REAL, and WAITMAN, awarding compensatory damages, attorneys' fees, punitive damages, and for any further relief this Court deems just.

## COUNT 2 – 42 U.S.C. §1983 – Failure to Intervene
*(Plaintiffs v. Jett, Real, Waitman, Pope, and Maxwell)*

55. Plaintiffs incorporate by reference paragraphs 1-54 as though set forth herein.

56. At all times relevant, Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL were authorized officers, agents, and/or employees of the Daleville Police Department, the Daleville-Salem Township Fire Protection Territory, and the Delaware County Sheriff's Department and were acting in the course of their employment and under color of state law.

57. At all material times, Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL did not have a reasonable fear of imminent bodily harm, nor did Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL have a reasonable belief that any other person was in danger of imminent bodily harm from Dion Crittle, Jr.

58. At all material times, Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL observed the force applied by all other involved individuals.

59. At all material times, Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL knew or had reason to know that the use of force was disproportionate and excessive.

60. At all material times, Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL observed or had reason to know that a violation of Dion Crittle, Jr.'s constitutional right to be free from excessive force was occurring.

61. At all material times, JETT, REAL, WAITMAN, POPE, and MAXWELL had the opportunity and means to prevent this harm from occurring.

62. Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL failed to intervene to prevent the violation of Dion Crittle, Jr.'s constitutional rights to due process and to be free from excessive force.

63. The aforementioned conduct of Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL in failing to intervene against the violation of Dion Crittle, Jr.'s constitutional rights was objectively unreasonable.

64. The aforementioned conduct of JETT, REAL, WAITMAN, POPE, and MAXWELL was done intentionally and with a reckless disregard for Plaintiff's rights.

65. As a proximate cause of Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL's unreasonable failure to intervene in the use of excessive force, Dion Crittle, Jr. experienced injuries, including physical and psychological pain and suffering, and death.

66. As a proximate cause of Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL's unreasonable failure to intervene in the use of excessive force, Dion Crittle, Jr.'s heirs and estate suffered losses, including loss of benefits and future earnings, and incurred medical and funeral bills.

67. As a proximate cause of Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL's unreasonable failure to intervene in the use of excessive force, Dion Crittle, Jr.'s heirs suffered emotional distress and mental anguish, and experienced the loss of Dion Crittle, Jr.'s companionship, love, care, and protection.

WHEREFORE, Plaintiffs, DION CRITTLE, SR. and TANESHA HUFF, individually and as the personal representatives of the estate and heirs of Dion Crittle, Jr., respectfully request that this Court enter judgment against Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL, awarding compensatory damages, attorneys' fees, punitive damages, and for any further relief this Court deems just.

**COUNT 3 – 42 U.S.C. §1983 – Failure to Provide Adequate Medical Care**
(*Plaintiffs v. Jett, Real, Waitman, Pope, and Maxwell*)

68. Plaintiffs incorporate by reference paragraphs 1-43 as though set forth herein.

69. At all times relevant, Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL were authorized officers, agents, and/or employees of the Daleville Police Department, the Daleville-Salem Township Fire Protection Territory, and the Delaware County Sheriff's Department, and were acting in the course of their employment and under color of state law.

70. At all times relevant, Plaintiff Dion Crittle, Jr. was in the custody, control, and care of Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL.

71. At all times relevant, Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL were aware that Dion Crittle, Jr. was experiencing a serious medical condition.

72. At all times relevant, Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL knowingly failed to respond to Dion Crittle, Jr.'s serious medical needs by failing to provide appropriate medical attention and/or by failing to promptly summon appropriate medical attention.

73. At all times relevant, Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL acted with deliberate indifference to the rights secured to Dion Crittle, Jr. by the Fourth and Fourteenth Amendments of the U.S. Constitution.

74. At all material times, Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL had the opportunity and means to prevent this harm from occurring.

75. As a proximate cause of Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL's unreasonable failure to provide appropriate medical care, Dion Crittle, Jr. experienced injuries, including physical and psychological pain and suffering, and death.

76. As a proximate cause of Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL's unreasonable failure to provide appropriate medical care, Dion Crittle, Jr.'s heirs and estate suffered losses, including loss of benefits and future earnings, and incurred medical and funeral bills.

77. As a proximate cause of Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL's unreasonable failure provide appropriate medical care, Dion Crittle, Jr.'s heirs suffered emotional distress and mental anguish, and experienced the loss of Dion Crittle, Jr.'s companionship, love, care, and protection.

WHEREFORE, Plaintiffs, DION CRITTLE, SR. and TANESHA HUFF, individually and as the personal representatives of the estate and heirs of Dion Crittle, Jr., respectfully request that this Court enter judgment against Defendants JETT, REAL, WAITMAN, POPE, and MAXWELL, awarding compensatory damages, attorneys' fees, punitive damages, and for any further relief this Court deems just.

### COUNT 4 – Wrongful Death
*(Plaintiffs v. The Town of Daleville, Jett, Salem Township, Salem Township Trustee, Daleville-Salem Township Fire Protection Territory, Real, Waitman, And Pope)*

78. Plaintiffs incorporate by reference paragraphs 1-43 as though set forth herein.

79. At all relevant times, Defendants JETT, REAL, WAITMAN, and POPE, were acting as duly authorized agents and employees of the Town of Daleville, Salem Township, Salem Township Trustee, and/or Daleville-Salem Township Fire Protection Territory.

80. At all relevant times, Defendants JETT, REAL, WAITMAN, and POPE were acting within the scope of their employment.

81. As a direct and proximate result of the negligent, willful, wanton, intentional, and/or and wrongful actions of Defendants JETT, REAL, WAITMAN, and POPE Dion Crittle, Jr. died.

82.     As a proximate cause of Defendants JETT, REAL, WAITMAN, and POPE's unreasonable and excessive use of force, failure to intervene in the unreasonable and excessive use of force, and/or failure to provide reasonable medical attention, Dion Crittle, Jr.'s heirs suffered losses including medical and hospital expenses, burial expenses, and the loss of love and companionship.

WHEREFORE, Plaintiffs DION CRITTLE, SR. and TANESHA HUFF, individually and as the personal representatives of the estate and heirs of Dion Crittle, Jr., respectfully request that this Court enter judgment against Defendants the Town of Daleville, Jett, Salem Township, Salem Township Trustee, Daleville-Salem Township Fire Protection Territory, Real, Waitman, and Pope, awarding compensatory damages, attorneys' fees, punitive damages, and for any further relief this Court deems just.

### COUNT 5 – Survival
*(Plaintiffs v. The Town of Daleville, Jett, Salem Township, Salem Township Trustee, Daleville-Salem Township Fire Protection Territory, Real, Waitman, and Pope)*

83.     Plaintiffs incorporate by reference paragraphs 1-43 as though set forth herein.

84.     At all relevant times, Defendants JETT, REAL, WAITMAN, and POPE, were acting as duly authorized agents and employees of the Town of Daleville, Salem Township, Salem Township Advisory Board, Salem Township Trustee, and/or Daleville-Salem Township Fire Protection Territory.

85.     At all relevant times, Defendants JETT, REAL, WAITMAN, and POPE were acting within the scope of their employment.

86.     As a direct and proximate result of the negligent, willful, wanton, intentional, and/or wrongful actions of Defendants JETT, REAL, WAITMAN, and POPE, Dion Crittle, Jr. suffered injury.

87.     As a proximate cause of Defendants JETT, REAL, WAITMAN, and POPE's

13

unreasonable and excessive use of force, failure to intervene in the unreasonable and excessive use of force, and/or failure to provide reasonable medical attention, Dion Crittle, Jr. experienced injuries, including physical and psychological pain and suffering.

WHEREFORE, Plaintiffs DION CRITTLE, SR. and TANESHA HUFF, individually and as the personal representative of the estate and heirs of Dion Crittle, Jr., respectfully request that this Court enter judgment against Defendants The Town of Daleville, Jett, Salem Township, Salem Township Trustee, Daleville-Salem Township Fire Protection Territory, Real, Waitman, and Pope, awarding compensatory damages, attorneys' fees, punitive damages, and for any further relief this Court deems just.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as of right by jury.

Respectfully Submitted,
ROMANUCCI & BLANDIN, LLC


_____s/__Nicolette A. Ward____
Attorney for Plaintiff

ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
Ph: (312) 458-1000
Fax: (312) 458-1004
nward@rblaw.net