**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| DION CRITTLE, SR. and TANESHA HUFF As Personal Representatives of the Estate of Dion Crittle, Jr., deceased, | ) ) ) ) ) CAUSE NO: 1:21-CV-02886-JRS-TAB |
| Plaintiffs, | ) ) |
| Vs. | ) ) |
| The TOWN OF DALEVILLE, a municipal corporation; OFC. JOHN JETT, JR. in his individual capacity; SALEM TOWNSHIP; SALEM TOWNSHIP TRUSTEE, DALEVILLE-SALEM TOWNSHIP FIRE PROTECTION TERRITORY; CHARLES BRADLEY REAL in his individual capacity; MICHAEL WAITMAN in his individual capacity; AMY POPE in her individual capacity; DELAWARE COUNTY SHERIFF'S DEPARTMENT; and DEPUTY JOSH MAXWELL in his individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS, TOWN OF DALVILLE, TOWN OF DALEVILLE TOWN COUNCIL, AND OFC. JOHN JETT, JR.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT, DEFENSES AND REQUEST FOR JURY TRIAL**

Defendants, Town of Daleville, Town of Daleville Town Council, and Ofc. John Jett, Jr., by counsel, answer Plaintiffs' second amended complaint as follows:

**JURISDICTION AND VENUE**

1. Defendants admit to the Court's jurisdiction pursuant to 28 U.S.C. § 1331.

2. Defendants admit that venue is proper in this Court.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of Plaintiffs' second amended complaint.

# THE PARTIES

4. Defendants admit paragraph 4 of Plaintiffs' second amended complaint.

5. Defendants admit that the Daleville Police Department is a department of the Town of Daleville, deny that it is a suable entity, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of Plaintiff's second amended complaint.

6. Defendants admit paragraph 6 of Plaintiff's second amended complaint.

7. Defendants admit that on December 9, 2019, in his interaction with Dion Crittle, Jr., Officer Jett was acting under color of law and in the course and scope of employment for the Town of Daleville as a police officer with the Town of Daleville Police Department, deny that he violated Plaintiffs' decedent's rights and deny that Plaintiffs are entitled to any damages or other relief against the Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of Plaintiff's second amended complaint.

8. Defendants make no response to paragraph 8 of Plaintiff's second amended complaint for the reason that the allegations of paragraph 8 are directed solely toward another defendant. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of Plaintiff's second amended complaint.

9. Defendants make no response to paragraph 9 of Plaintiff's second amended complaint for the reason that the allegations of paragraph 9 are directed solely toward other defendants. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of Plaintiff's second amended complaint.

10. Defendants admit that the Town of Daleville and Salem Township entered into an agreement regarding the establishment of the Daleville/Salem Township Fire Protection Territory, deny that it is a division of the Town of Daleville, and lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 10 of Plaintiffs' second amended complaint.

11. Defendants deny that the Town of Daleville employed Defendant Charles Bradley Real as a fireman on December 9, 2019 and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of Plaintiff's second amended complaint.

12. Defendants make no response to paragraph 12 of Plaintiff's second amended complaint for the reason that the allegations of paragraph 12 are directed solely toward other defendants. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of Plaintiff's second amended complaint.

13. Defendants make no response to paragraph 13 of Plaintiff's second amended complaint for the reason that the allegations of paragraph 13 are directed solely toward other defendants. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of Plaintiff's second amended complaint.

14. Defendants make no response to paragraph 14 of Plaintiff's second amended complaint for the reason that the allegations of paragraph 14 are directed solely toward other defendants. To the extent a response is required, Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 14 of Plaintiff's second amended complaint.

15. Defendants make no response to paragraph 15 of Plaintiff's second amended complaint for the reason that the allegations of paragraph 15 are directed solely toward other defendants. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of Plaintiff's second amended complaint.

16. Defendants make no response to paragraph 16 of Plaintiff's second amended complaint for the reason that the allegations of paragraph 16 are directed solely toward other defendants. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of Plaintiff's second amended complaint.

17. Defendants make no response to paragraph 17 of Plaintiff's second amended complaint for the reason that the allegations of paragraph 17 are directed solely toward another defendant. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of Plaintiff's second amended complaint.

18. Defendants make no response to paragraph 18 of Plaintiff's second amended complaint for the reason that the allegations of paragraph 18 are directed solely toward other defendants. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of Plaintiff's second amended complaint.

19. Defendants make no response to paragraph 19 of Plaintiff's second amended complaint for the reason that the allegations of paragraph 19 are directed solely toward other defendants. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of Plaintiff's second amended complaint.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of Plaintiff's second amended complaint.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of Plaintiff's second amended complaint.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of Plaintiff's second amended complaint.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of Plaintiff's second amended complaint.

**GENERAL ALLEGATIONS**

24. Defendants admit that events occurred near I-69 near mile marker 233 in Delaware County, deny that Defendants are liable to the Plaintiffs, deny the Plaintiffs are entitled to any damages or other relief against these Defendants, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of Plaintiff's second amended complaint.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of Plaintiff's second amended complaint.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of Plaintiff's second amended complaint.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of Plaintiff's second amended complaint.

28. Defendants admit that on December 9, 2019, Officer John Jett responded to a scene and observed an individual later identified as Dion Crittle, Jr., and that others including Real, Waitman, Pope, and Maxwell also arrived on the scene. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of Plaintiff's second amended complaint.

29. Defendants deny paragraph 29 of Plaintiffs' second amended complaint.

30. Defendants deny paragraph 30 of Plaintiffs' second amended complaint.

31. Defendants deny paragraph 31 of Plaintiffs' second amended complaint.

32. Defendants deny paragraph 32 of Plaintiffs' second amended complaint.

33. Defendants deny paragraph 33 of Plaintiffs' second amended complaint.

34. Defendants deny paragraph 34 of Plaintiffs' second amended complaint.

35. Defendants admit that on December 9, 2019, Officer John Jett exercised reasonable force in an effort to place Dion Crittle, Jr. in handcuffs and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of Plaintiff's second amended complaint.

36. Defendants deny paragraph 36 of Plaintiffs' second amended complaint.

37. Defendants deny paragraph 37 of Plaintiffs' second amended complaint

38. Defendants deny paragraph 38 of Plaintiffs' second amended complaint.

39. Defendants deny paragraph 39 of Plaintiff's second amended complaint.

40. Defendants deny paragraph 40 of Plaintiffs' second amended complaint.

41. Defendants deny paragraph 41 of Plaintiffs' second amended complaint.

42. Defendants deny Plaintiffs' description of the events and therefore deny the allegations in paragraph 42 of Plaintiffs' second amended complaint.

43. Defendants deny paragraph 43 of Plaintiffs' second amended complaint.

## COUNT 1 – 42 U.S.C. §1983—Excessive Force

### (*Plaintiffs v. Jett, Real, and Waitman*)

44. Defendants hereby incorporate by reference their responses to paragraphs 1 through 43 of Plaintiffs' second amended complaint as their response to paragraph 44 as if fully set forth herein.

45. Defendants admit that Officer Jett was an authorized reserve officer with the Daleville Police Department as an officer, agent, or employee of the Town of Daleville and that he was acting in the course of his employment and under color of law. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 of Plaintiff's second amended complaint.

46. Defendants state that the allegations of paragraph 46 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admits only to those duties imposed by law, deny that any duties were violated, and deny the remaining allegations in paragraph 46 of Plaintiffs' second amended complaint.

47. Defendants deny paragraph 47 of Plaintiffs' second amended complaint.

48. Defendants deny paragraph 48 of Plaintiffs' second amended complaint.

49. Defendants deny paragraph 49 of Plaintiffs' second amended complaint.

50. Defendants deny paragraph 50 of Plaintiffs' second amended complaint.

51. Defendants deny paragraph 51 of Plaintiffs' second amended complaint.

52. Defendants deny paragraph 52 of Plaintiffs' second amended complaint.

53. Defendants deny paragraph 53 of Plaintiffs' second amended complaint.

54. Defendants deny paragraph 54 of Plaintiffs' second amended complaint.

**COUNT 2 – 42 U.S.C. §1983 – Failure to Intervene**

(*Plaintiffs v. Jett, Real, Waitman, Pope, and Maxwell*)

55. Defendants hereby incorporate by reference their responses to paragraphs 1 through 54 of Plaintiffs' second amended complaint as their response to paragraph 55 as if fully set forth herein.

56. Defendants admit that Officer Jett was an authorized reserve officer with the Daleville Police Department as an officer, agent, or employee of the Town of Daleville and that he was acting in the course of his employment and under color of law. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 of Plaintiff's second amended complaint.

57. Defendants deny paragraph 57 of Plaintiffs' second amended complaint.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of Plaintiff's second amended complaint.

59. Defendants deny paragraph 59 of Plaintiffs' second amended complaint.

60. Defendants deny paragraph 60 of Plaintiffs' second amended complaint.

61. Defendants deny that Dion Crittle, Jr.'s constitutional rights were being violated, and therefore deny paragraph 61 of Plaintiffs' second amended complaint.

62. Defendants deny that Dion Crittle, Jr.'s constitutional rights were being violated, and therefore deny paragraph 62 of Plaintiffs' second amended complaint.

63. Defendants deny paragraph 63 of Plaintiffs' second amended complaint.

64. Defendants deny paragraph 64 of Plaintiffs' second amended complaint.

65. Defendants deny paragraph 65 of Plaintiffs' second amended complaint.

66. Defendants deny paragraph 66 of Plaintiffs' second amended complaint.

67. Defendants deny paragraph 67 of Plaintiffs' second amended complaint.

## COUNT 3 – 42 U.S.C. §1983 – Failure to Provide Adequate Medical Care

(*Plaintiffs v. Jett, Real, Waitman, Pope, and Maxwell*)

68. Defendants hereby incorporate by reference their responses to paragraphs 1 through 43 of Plaintiffs' second amended complaint as their response to paragraph 68 as if fully set forth herein.

69. Defendants admit that Officer Jett was an authorized reserve officer with the Daleville Police Department as an officer, agent, or employee of the Town of Daleville and that he was acting in the course of his employment and under color of law. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 69 of Plaintiff's second amended complaint.

70. Defendants deny paragraph 70 of Plaintiffs' second amended complaint.

71. Defendants deny paragraph 71 of Plaintiffs' second amended complaint.

72. Defendants deny paragraph 72 of Plaintiffs' second amended complaint.

73. Defendants deny paragraph 73 of Plaintiffs' second amended complaint.

74. Defendants deny paragraph 74 of Plaintiffs' second amended complaint.

75. Defendants deny paragraph 75 of Plaintiffs' second amended complaint.

76. Defendants deny paragraph 76 of Plaintiffs' second amended complaint.

77. Defendants deny paragraph 77 of Plaintiffs' second amended complaint.

## COUNT 4 – Wrongful Death

***(Plaintiffs v. The Town of Daleville, Jett, Salem Township, Salem Township Trustee, Daleville-Salem Township Fire Protection Territory, Real, Waitman, And Pope)***

78. Defendants hereby incorporate by reference their responses to paragraphs 1 through 43 of Plaintiffs' second amended complaint as their response to paragraph 78 as if fully set forth herein.

79. Defendants admit that Officer Jett was acting as a duly authorized reserve officer with the Daleville Police Department employed by the Town of Daleville. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79 of Plaintiff's second amended complaint.

80. Defendants admit that Officer Jett was acting within the scope of his employment with the Town of Daleville. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 80 of Plaintiff's second amended complaint.

81. Defendants deny paragraph 81 of Plaintiffs' second amended complaint.

82. Defendants deny paragraph 82 of Plaintiffs' second amended complaint.

## COUNT 5 – Survival

***(Plaintiffs v. The Town of Daleville, Jett, Salem Township, Salem Township Trustee, Daleville-Salem Township Fire Protection Territory, Real, Waitman, and Pope)***

83. Defendants hereby incorporate by reference their responses to paragraphs 1 through 43 of Plaintiffs' second amended complaint as their response to paragraph 83 as if fully set forth herein.

84. Defendants admit that Officer Jett was acting as a duly authorized reserve officer with the Daleville Police Department employed by the Town of Daleville. Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 84 of Plaintiff's second amended complaint.

85. Defendants admit that Officer Jett was acting within the scope of his employment with the Town of Daleville. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 85 of Plaintiff's second amended complaint.

86. Defendants deny paragraph 86 of Plaintiffs' second amended complaint.

87. Defendants deny paragraph 87 of Plaintiffs' second amended complaint.

## UNANSWERED ALLEGATIONS

Each and every allegation contained in Plaintiffs' second amended complaint which is not hereinabove specifically admitted or denied is generally denied.

WHEREFORE, Defendant prays that Plaintiffs take nothing by way of their second amended complaint, that Defendants be dismissed and awarded their costs, and for all other proper relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants identify these defenses to apprise Plaintiffs of potential applicable defenses, but in doing so do not assume the burden of proof of any matter upon which the Plaintiffs bear the burden of proof under applicable law and procedure.

1. One or more of Plaintiffs' claims against these Defendants fails to state a claim upon which relief can be granted.

2. The actions and conduct of these Defendants did not rise to a level of a constitutional violation and these Defendants did not cause any infringement of Plaintiffs or Plaintiffs' decedent's constitutional rights.

3. Defendants' actions were lawful and reasonable under the circumstances, and the situation facing the officers justified the force applied as a matter of law.

4. Defendant Jett is entitled to qualified immunity because he did not violate any clearly established constitutional, statutory, or regulatory right of the Plaintiffs or Plaintiffs' decedent.

5. Defendant Jett acted reasonably and in good faith, without malice, and within the scope of his authority and his conduct toward Plaintiffs' decedent was not in willful or reckless disregard of any constitution, statutory, or regulatory rights of Plaintiffs' decedent.

6. Defendants did not act with deliberate indifference.

7. At all relevant times, Defendants acted with probable cause and reasonable articulable suspicion of criminal activity.

8. The claims against the Town of Daleville Town Council are duplicative of the claims against the Town of Daleville and should be dismissed.

9. No custom, policy or practice of the Town of Daleville caused any injury.

10. One of more of Plaintiffs' claims may be barred by waiver, estoppel, and/or laches.

11. Plaintiffs' state law claims are barred by the failure to give timely and adequate notice of the claim pursuant to the Indiana Tort Claims Act.

12. Plaintiffs' state law claims against Officer John Jett, Jr. are barred by Ind. Code § 34-13-3-5.

13. Defendants are not liable to Plaintiffs due to one or more actions or conditions set forth in Ind. Code § 34-13-3-3 and/or Indiana common law.

14. Plaintiffs' claims are barred due to the contributory negligence of Dion Crittle, Jr.

15. Defendants' actions were not the proximate cause of Plaintiffs' damages.

16. Defendants are entitled to qualified immunity and/or qualified privilege.

17. Plaintiffs' decedent assumed and/or incurred the risk of his damages.

18. Plaintiffs' decedent failed to mitigate his damages and aggravated the same be his own actions or inaction which bars, in whole or in part, Plaintiffs' claims for damages.

19. Plaintiffs may have already been fully or partially compensated for any injuries, losses and/or damages and are therefore not entitled to recover from these Defendants, and/or Defendants are entitled to a full or partial set-off in accordance with legal and equitable principles of payment, satisfaction, setoff, and rules barring windfalls and double recovery.

20. Defendants Town of Daleville and Town of Daleville Town Council are absolutely immune from liability for punitive damages under Plaintiffs' federal claims (*City of Newport v. Fact Concert, Inc.* 453 U.S. 247 (1981)).  Further, Plaintiffs are not entitled to punitive damages against the Defendants for any claim under Indiana state law.  Ind. Code § 34-13-3-4.

21. Defendants adopt as if specifically set forth herein all defenses raised by all other defendants in their respective answers and defenses to Plaintiffs' second amended complaint.

22. Defendants incorporate by reference each and every affirmative defense available to them under Fed.R.Civ.P. 8(c) and Fed.R.Civ.P. 12(b) which discovery might reveal to be appropriate, and specifically reserve the right to supplement, add to and/or amended these defenses as discovery continues.

WHEREFORE, the Defendants pray that Plaintiffs take nothing by way of their second amended complaint, that Defendants be dismissed and awarded their costs, and for all other proper relief.

## REQUEST FOR JURY TRIAL

Defendants, by counsel, respectfully request that this case be tried by jury.

NORRIS CHOPLIN SCHROEDER LLP

*/s/ Kyle A. Jones*
Kyle A. Jones (#14274-49)
Attorney for Defendants, Town of Daleville, Town of Daleville Town Council, and Ofc. John Jett, Jr.

NORRIS CHOPLIN SCHROEDER LLP
101 West Ohio Street, Ninth Floor
Indianapolis, IN 46204-4213
317/269-9330; 317/269-9338 (Fax)
kjones@ncs-law.com


## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Nicolette A. Ward<br>ROMANUCCI & BLANDIN, LLC<br>321 N. Clark Street, Suite 900<br>Chicago, IL 60654<br>*Attorney for Plaintiffs* | Liberty L. Roberts<br>CHURCH CHURCH HITTLE & ANTRIM<br>Two North Ninth Street<br>Noblesville, IN 46060<br>*Attorney for Defendants DCSD & Deputy Maxwell* |
| Elizabeth A. Knight (#11865-45)<br>Joseph W. Smith (#29663-64)<br>Katlyn M. Christman (#34670-64)<br>KNIGHT, HOPPE, KURNIK & KNIGHT, Ltd.<br>233 East 84th Drive, Suite 301<br>Merrillville, IN 46410<br>*Attorney for Defendants Salem Township, Salem Township Trustee; Charles Bradley Real, Michael Waitman, and Amy Pope* | Caren L. Pollack<br>POLLACK LAW FIRM, P.C.<br>10333 North Meridian Street, Suite 111<br>Carmel, IN 46290<br>*Attorney for Defendants Daleville-Salem Township Fire Protection Territory, Charles Bradley Real, Michael Waitman and Amy Pope* |

*/s/ Kyle A. Jones*
Kyle A. Jones