

December 28, 2022

Axis Forensic Toxicology
5780 W 71st Street
Indianapolis, IN 46278

Re: Subpoena Duces Tecum for Laboratory Case Number 318389
Case No. *1:21-cv-2886*

To Whom It May Concern:

Please see the attached Subpoena Duces Tecum and Exhibit requiring the production of documents and/or communications related to laboratory case number 318389. I kindly request that you provide these documents with the attached Business Record Affidavit within 30 days of service of this subpoena. In lieu of your appearance, the documents can be produced either via mail (address indicated below) or via email to gaby@sllawfirm.com. Thank you and please let me know if you have any questions or concerns.

Sincerely,

Gabrielle Olshemski
Attorney at Law

#189- 133 West Market Street, Indianapolis, IN 46204
Phone: 317.721.9214 • Fax: 888.422.3151
www.saeedandlittle.com
Attorneys licensed in USA: AZ, CA, CO, IL, IN, KY, NY • Canada: ON & BC • Venezuela

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | | |
|---|---|---|
| Dion Crittle, Sr. et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-cv-2886-JRS-TAB |
| Town of Daleville, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Axis Forensic Toxicology
5780 W 71st Street, Indianapolis, IN 46278

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: #189-133 West Market Street<br>Indianapolis, IN 46204 | Date and Time:<br>01/27/2023 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/28/2022

CLERK OF COURT

OR

_____     /s/Gabrielle Olshemski
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Dion Crittle, Sr et al
_____ , who issues or requests this subpoena, are:

Gabrielle Olshemski, Saeed & Little, LLP, 133 W. Market St. #189, Indianapolis, IN 46204; gaby@sllawfirm.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-2886-JRS-TAB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: Via Certified mail _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ 0 for travel and $ 0 for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 12/23/2020

Sara Tirsway
*Server's signature*

Sara Tirsway, Paralegal
*Printed name and title*

133 W Market Street #189
Indianapolis, IN 46204
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:21-cv-02886-JRS-TAB   Document 143-1   Filed 02/13/23   Page 4 of 7 PageID #: 877

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

1. List of all cases Kevin Shanks has testified on
2. Copy of Kevin Shanks' Curriculum Vitae
3. Any specimens that have not been disposed of for laboratory case number 318389
4. All Chain of Command documents for laboratory case number 318389
5. List of all Analysts, Employees, and/or Chemists who participated in laboratory case number 318389
6. All Batch Reports for laboratory case number 318389
7. All communications related to laboratory case number 318389
8. All communications referencing Dion Crittle or laboratory case number 318389
9. All communications with the State of Indiana related to laboratory case number 318389
10. All communications with Jolene Clouse, MD related to laboratory case number 318389
11. All communications with the Delaware County Coroner related to laboratory case number 318389

IN THE UNITED STATES DISTRICT COURT

for the Southern District of Indiana

| | |
|---|---|
| DION CRITTLE SR. *et al.* ) | |
| ) | |
| *Plaintiffs* ) | |
| ) | Civil action: 1:21-cv-02886-JRS-TAB |
| v. ) | |
| ) | |
| TOWN OF DALEVILLE, *et al.* ) | |
| *Defendants* | |

## CERTIFICATION OF CUSTODIAN OF RECORDS OR OTHER QUALIFIED INDIVIDUAL

I, _____, do hereby certify that:

(1) I am the Custodian of Records of or am otherwise qualified to administer records for:

_____ and

(2) The attached records

    (a) are true and correct copies of records that were made at or near the time of the occurrence of the matters set forth by, or from the information transmitted by, a person with knowledge of these matters; and

    (b) were kept in the course of regularly conducted activity; and

    (c) were made and kept by the regularly conducted business activity as regular practice.

I declare under the penalty of perjury that the foregoing is true and correct.

_____          _____
Date                                                                                  Signature

 

                                                                                                 _____
                                                                                                 Printed name

 

                                                                                                 _____
                                                                                                 Title

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2022 I emailed the following parties for service:

Kyle Jones
kjones@ncs-law.com

Liberty Roberts
lroberts@cchalaw.com

Caren Pollack
cpollack@pollacklawpc.com

Elizabeth Knight
Joe Smith
Eknight@khkklaw.com
JSmith@khkklaw.com

Via certified mail to the following party:

Axis Forensic Toxicology
5780 W 71st Street
Indianapolis, IN 46278

/s/ Gabrielle Olshemski

Gabrielle Olshemski
SAEED AND LITTLE, LLP
gaby@sllawfirm.com